IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
Pensacola Division

| | |
|---|---|
| REALAGE, INC.<br>10675 Sorrento Valley Road<br>San Diego, California 92121,<br><br>a Delaware corporation<br><br>*Plaintiff,*<br><br>v.<br><br>WATSON ALTERNATIVE HEALTH<br>AND WEIGHT LOSS CENTER, INC.<br>5536 Stewart Street, Milton, Florida 32570,<br><br>a Florida corporation<br><br>Serve: Roy V. Andrews, Registered Agent<br>5218 Willing Street<br>Milton, Florida 32570<br>and<br><br>IAS GROUP,<br>IAS House,<br>Les Autelets,<br>Sark GY9 0SF, Great Britain<br><br>a British corporation<br><br>Serve: Secretary of the State of Florida<br>Florida Department of State<br>R. A. Gray Building<br>500 S. Bronough<br>Tallahassee, FL 32399-0250<br><br>*Defendants.* | Civil Action No. 3:06cv53/LAC/EMT |

Receipt #
300/112786
#250.00

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

06 JAN 31  PM 3: 45

FILED

## COMPLAINT

Plaintiff, RealAge, Inc. ("RealAge"), by counsel, states its Complaint against Defendants Watson Alternative Health and Weight Loss Center, Inc. ("Watson"), and IAS Group ("IAS") as follows:

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is a civil action to remedy acts by Defendants of, *inter alia*: patent infringement, unfair competition, false representation and designation of origin (federal); trademark infringement (federal); trademark dilution (federal); and trademark dilution, trade name infringement, unfair competition and misappropriation (common law).

2. This Court has jurisdiction over all causes of action set forth herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331, and 1338, the Patent Laws of the United States, Title 35, United States Code, and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. §1367.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §§1391 and 1400(b) in that Defendant Watson is a corporation organized under the laws of the State of Florida, and all of the Defendants have substantial contacts with this jurisdiction, making them subject to personal jurisdiction.

### THE PARTIES

4. Plaintiff RealAge, Inc. is a Delaware corporation having a principal place of business at 10675 Sorrento Valley Road, San Diego, California 92121.

5.  Defendant Watson is a Florida corporation having a principal place of business at 5536 Stewart Street, Milton, Florida 32570. Upon information and belief, Watson is the agent and representative in the United States for Defendant IAS.

6.  Defendant IAS is a British corporation having a principal place of business at IAS House, Les Autelets, Sark GY9 0SF, Great Britain. Upon information and belief, IAS is transacting business in this judicial district and others through its use of United States agents and representatives and its web site address. IAS lists on its letterhead specific contact information for the United States, including a telephone number, facsimile number and web site address.

## BACKGROUND

7.  RealAge is the owner by assignment of U.S. Patent Number 5,937,387 for a "System and Method for Developing and Selecting a Customized Wellness Plan" which issued on August 10, 1999, and which expires on April 4, 2017 (the "'387 Patent"). A true and correct copy of the '387 Patent is attached as Exhibit 1.

8.  RealAge has the sole right to sue and recover for infringement of the '387 Patent.

9.  The '387 Patent discloses a system and method for measuring a user's wellness by determining a user's physiological age based upon a variety of wellness and lifestyle factors. The '387 Patent also discloses a system and method for a user to learn about personalized wellness options, where the wellness options have been chosen for the user based upon wellness factors input by the user, additional constraints input by the user, and the available information relating to the health sciences. The '387 Patent also discloses a

method pursuant to which the user can monitor his or her progress toward improving wellness.

10. RealAge is the owner of the REALAGE® and REAL AGE® trademarks. In particular, RealAge owns the following registrations:

| Mark | Identification of Goods/Services | Registration No. |
|---|---|---|
| REAL AGE | Computer software for determining physiological age based upon a patient's medical history and lifestyle factors, in Class 9 | 2,261,318 |
| REALAGE | Vitamin and mineral supplements, in Class 5 | 2,239,846 |
| REALAGE | Computer software for determining physiological age based upon a patient's medical history and lifestyle factors, in Class 9 | 2,155,113 |
| REALAGE | Counseling in the field of health maintenance, namely, assessing physiological impact of dietary and lifestyle choices in Class 42 | 2,305,201 |
| REALAGE | Publications, namely, a series of books on health, fitness, diet, exercise and lifestyle in Class 16 | 2,916,425 |

11. RealAge has used its REALAGE® and REAL AGE® marks consistently since at least September 22, 1997. RealAge has used its marks in connection with, among other things, its test for assessing physiological impact of dietary and lifestyle choices on a person's health. RealAge has expended considerable time and resources in its promotion of the products and services it provides under the REALAGE® and REAL AGE® marks. Through these and related efforts, it has built a substantial reputation and level of good will in the relevant communities for its marks. As a company, RealAge has worked with the top

pharmaceutical companies and their providers of health marketing services for the general population.

12.     In addition to a number of products and services it distributes under the REALAGE® and REAL AGE® marks on a global basis, both directly and through licensing, RealAge's website at www.realage.com is accessible worldwide to consumers.  At this website, the consumer takes the RealAge® Test "for personalized health information." The test comprises a series of questions to arrive at the individual's physiological age based upon that individual's diet, lifestyle, and hereditary factors.

13.     Pursuant to 35 U.S.C. § 282, the '387 Patent, and each and every claim therein, is presumed valid.

14.     Pursuant to 35 U.S.C. § 287, RealAge has given Defendants actual notice of the '387 Patent and the RealAge trademarks in the form of letters and other contacts commencing on or about September 22, 2005.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

15.     Watson and IAS advertise, promote and use in commerce the "Inner-Age" System, sold and offered for sale under the mark "Inner-Age," which is counseling on biological age in the same or substantially similar manner as RealAge, Inc.  The website at www.inner-age.com describes "Inner-Age" as a software system that calculates biological age based on the consumer's response to a series of questions about their health and lifestyle.  Upon information and belief, the Inner-Age test "involves obtaining information about the patient's lifestyle, health, fitness and family medical history."  In addition, the Inner-Age website boasts its own online store.

16. IAS is engaging in a business venture in this judicial district by offering services that utilize and/or rely upon some of the same technology described and claimed in the claims of the RealAge Patents: 1) through the activities of its agent and representative, Watson; 2) through the activities of its Medical Director of its scientific panel, Ward Dean, MD; and 3) through its activities over the Internet. Through its actions, as set forth in this Complaint, IAS has purposefully availed itself of the privilege of conducting activities in this judicial district, thereby invoking the benefits and protections of the laws of Florida.

17. In addition, the "Inner-Age" mark and its associated goods and services are confusingly similar to RealAge's REALAGE® and REAL AGE® marks, given the marketplace. Defendants' use of the Inner-Age designation is diluting RealAge's well-known and distinctive marks.

18. In addition, Defendants have used the keywords "RealAge" and "Real Age" with LookSmart and Google search engines to divert consumers to the Inner-Age website. Defendants' unlicensed use of the RealAge and Real Age marks in this manner constitutes unfair competition and infringes RealAge's rights in its trademarks in violation of both federal and state law.

19. Defendants' infringing activities extend nationwide, including into this district. To this day, consumers can research Watson's and IAS's services from any location through websites on the Internet, which contain extensive information about Defendants and the various services rendered in connection with the Inner-Age designation.

20. Defendants had or should have had knowledge of RealAge's rights in REALAGE® and REAL AGE® before they wrongfully acquired, adopted and began their

infringing use of Inner-Age designation in connection with their services. At least as early as on or about September 22, 2005, when Plaintiff sent a cease and desist letter to Watson, Defendants had knowledge of RealAge's patents and trademarks

21. All of Defendants' foregoing activities constitute willful infringement, and misappropriation of RealAge's marks: REALAGE® and REAL AGE®.

22. Defendants' confusing use of the Inner-Age term has significantly damaged RealAge's interests. Specifically, Defendant's actions (a) have damaged and threaten to further damage RealAge's valuable and significant goodwill established for REALAGE® and REAL AGE®; (b) have traded upon and threaten to further trade upon RealAge's marks REALAGE® and REAL AGE®; and (c) have injured and threaten to further injure RealAge's right to continue its use of REALAGE® and REAL AGE® as indicia of origin of services.

23. Defendants' aforementioned use of the Inner-Age designation for assessing physiological impact of dietary and lifestyle choices on a person's health closely resembles RealAge's trade name and marks, creates confusion and mistake and has the effect of deceiving persons into the erroneous belief that Defendants' services are authorized, endorsed, and/or sponsored by RealAge, or are connected in some way with RealAge.

24. RealAge is continuously being damaged by actual confusion, and the strong likelihood that confusion will continue to occur by virtue of Defendant's use of the Inner-Age designation.

25. Defendants' use of the aforementioned marks in connection with services that are directly competitive with RealAge's services.

26.  RealAge is being damaged by Defendants' use of their Inner-Age designations in conjunction with health care services, in that purchasers are likely to be induced into buying Defendants' services in the mistaken belief that Defendants' services are sponsored or authorized by or connected in some way with RealAge.

## COUNT I
## PATENT INFRINGEMENT

27.  RealAge repeats and realleges paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28.  Defendants have been and are now infringing the '387 Patent by making, using, selling, offering for sale, use, and/or importation into the United States, methods, systems, and products covered by one or more claims of the '387 Patent, including but not limited to the Inner-Age system.

29.  On or about September 22, 2005, Plaintiff sent a letter to Watson, enclosing the '387 Patent, and requesting cooperation in honoring the '387 Patent. A true and correct copy of this letter is attached as Exhibit 2.

30.  Despite the existence of the '387 Patent, and Defendants' notice thereof, Defendants continue to sell and/or offer for sale services which infringe the '387 Patent.

31.  On or about September 29, 2006, Defendant IAS, through its president James Reed, stated that IAS had no intention of ceasing use of the Inner-Age mark or the Inner-Age system. A true and correct copy of this letter is attached as Exhibit 3.

32.  Defendants' actions constitute infringement of the '387 Patent.

33.  Defendants' infringement of the '387 Patent is without license.

34. Defendants' infringement of the '387 Patent is willful.

35. Plaintiff gave Defendants formal notice of infringement pursuant to 35 U.S.C. §285.

36. As a result of Defendants' actions infringing Plaintiff's patent, Plaintiff has suffered and will continue to suffer grievous damages, the full extent of which are not yet known.

37. Upon information and belief, unless permanently enjoined by this Court, Defendants will continue their acts of infringement to Plaintiff's substantial and irreparable harm.

38. RealAge is entitled to recover damages adequate to compensate for Defendants' infringement, which in no event can be less than a reasonable royalty.

## COUNT II
## UNFAIR COMPETITION, FALSE REPRESENTATION AND DESIGNATION OF ORIGIN (FEDERAL)

39. RealAge repeats and realleges paragraphs 1 through 26 of the Complaint as though fully set forth herein.

40. This cause of action for unfair competition, false representation and designation of origin arises under 15 U.S.C. §1125 *et seq*.

41. Defendants' use of the Inner-Age designation has caused confusion, mistake and/or deception as to the origin of Defendant's services, and is likely to mislead consumers and potential consumers of the parties' services to believe that Defendants' services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by RealAge.

42. Defendants' use of the Inner-Age designation constitutes a false designation of origin, false representation and/or false description, tending falsely to describe or represent the same as made by, sponsored by, approved by or affiliated with RealAge, the rightful owner of the marks, REALAGE® and REAL AGE®, and has caused, with knowledge of such false designation of origin, representation, or description, such services to be offered for sale or used in interstate commerce in connection with the aforesaid marks.

43. Defendants have promoted in interstate commerce the sale of their services using the aforementioned service marks in such a manner so as to falsely designate an origin or an association with RealAge, and so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship or affiliation of Defendants' services, all to Defendants' profit and to RealAge's damage. RealAge has been irreparably damaged by the use of such false designation and misrepresentation.

44. Defendants traded upon RealAge's goodwill, established through RealAge's long and continuous advertising and sales of services under the trade name REALAGE® and REAL AGE®, by providing directly competitive services under the aforementioned service mark.

45. The aforesaid acts of the Defendant constitute infringement of the marks REALAGE® and REAL AGE®, and further constitute use of a false representation and designation of origin, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

46. The aforesaid acts of Defendant have caused RealAge to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

47. Upon information and belief, Defendants' activities were, and continue to be, willful so as to justify the assessment of treble damages against it, in an amount to be determined at the time of trial.

48. The aforesaid acts of Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to RealAge for which there is no adequate remedy at law.

## COUNT III
## TRADEMARK INFRINGEMENT (FEDERAL)

49. RealAge repeats and realleges paragraphs 1 through 26 of the Complaint as though fully set forth herein.

50. This cause of action for trademark infringement arises under 15 U.S.C. §1114.

51. Defendants' use of the Inner-Age designation so resembles REALAGE® and REAL AGE® as to be likely to cause confusion, mistake, and/or deception as to the origin of Defendants' services, and is likely to mislead consumers and potential consumers of the parties' services to mistakenly believe that Defendants' services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by RealAge. In addition, Defendants' use of the key words "RealAge" and "Real Age" in the Look Smart and Google search engines is an unauthorized use of RealAge's marks.

52. The aforesaid acts of the Defendants constitute an infringement of REALAGE® and REAL AGE® marks in violation of §32(1) of the Lanham Act (15 U.S.C. §1114(1)).

53. The aforesaid acts of the Defendants have caused RealAge to sustain damage, loss and injury, in an amount to be determined at the time of trial.

54. Defendants have engaged and continue to engage in infringing activities knowingly and willfully, so as to justify the assessment of treble damages against them, in an amount to be determined at the time of trial.

55. The aforesaid acts of infringement by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to RealAge for which there is no adequate remedy at law.

## COUNT IV
## TRADEMARK DILUTION (FEDERAL)

56. RealAge repeats and realleges paragraphs 1 through 26 of the Complaint as though fully set forth herein.

57. This cause of action for trademark dilution arises under 15 U.S.C. §1125(c).

58. Defendants' activities constitute dilution of RealAge's marks, REALAGE® and REAL AGE®, in violation of §43(c) of the Lanham Act, 15 U.S.C. §1125(c).

59. Defendants' acts of dilution have caused RealAge to sustain damage, loss and injury, in an amount to be determined at the time of trial.

60. Defendants have engaged and continue to engage in this activity knowingly and willfully, so as to justify the assessment of treble damages against them, in an amount to be determined at the time of trial.

61.     The aforesaid acts of dilution by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to RealAge for which it has no adequate remedy at law.

## COUNT V
## TRADEMARK DILUTION (STATE –FLORIDA § 495.151)

62.     RealAge repeats and realleges paragraphs 1 through 26 of the Complaint as though fully set forth herein.

63.     This cause of action for trademark dilution arises under FL ST § 495.151.

64.     Defendants' activities constitute dilution of RealAge's marks, REALAGE® and REAL AGE®, in violation of FL ST § 495.151.

65.     Defendants' acts of dilution have caused and/or are likely to cause injury to the business reputation or dilution of the distinctive quality of the marks of RealAge.

66.     Defendants use confusingly similar marks to the REAL AGE and REALAGE marks in a way to identify their services, raising the possibility that RealAge's marks will lose their ability to serve as a unique identifier of RealAge's products and services.

67.     Defendants' activities have caused RealAge to sustain damage, loss and injury, in an amount to be determined at the time of trial.

68.     Defendants have engaged and continue to engage in this activity knowingly and willfully, so as to justify the assessment of treble damages against them, in an amount to be determined at the time of trial.

69.     The aforesaid acts of dilution by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to RealAge for which it has no adequate remedy at law.

## COUNT VI
## TRADEMARK, TRADE NAME INFRINGEMENT, UNFAIR COMPETITION AND MISAPPROPRIATION (COMMON LAW)

70.     RealAge repeats and realleges paragraphs 1 through 26 of the Complaint as though fully set forth herein.

71.     This cause of action for trademark infringement, trade name infringement, unfair competition and misappropriation arises under the common law of, *inter alia*, the State of Florida.

72.     Defendants' unlawful activities are likely to cause confusion between Defendants and/or their services, and RealAge and/or its services and/or to deceive purchasers as to the origin of goods, and infringe the valuable common law trademark and other rights of RealAge and the RealAge trade name.

73.     Defendants' activities also constitute unfair competition with RealAge by creating a likelihood of confusion as to the source or sponsorship of the goods and services. As such, Defendants have traded, and, on information and belief, continue to trade, upon the reputation and goodwill of RealAge and the RealAge trade name and the REALAGE® and REAL AGE® service marks, thereby injuring that reputation and goodwill, and unjustly diverting from RealAge to Defendants the benefits arising therefrom.

74.     Defendants' unlawful activities constitute trademark infringement, trade name infringement, unfair competition and misappropriation as proscribed by the common law.

75. Defendants' acts of trademark infringement, trade name infringement, and unfair competition and misappropriation have caused RealAge to sustain damage, loss and injury, in an amount to be determined at the time of trial.

76. Defendants have engaged and continue to engage in this activity knowingly and willingly, so as to justify the assessment of punitive damages against them, in an amount to be determined at the time of trial.

77. The aforesaid acts by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to RealAge for which RealAge has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RealAge prays for judgment declaring:

1. That Defendants have infringed and induced infringement, and continue to infringe and induce infringement of the '387 Patent.

2. That Defendants have infringed and continue to infringe the trademark rights of RealAge by use of the mark Inner-Age.

3. That Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, who receive actual notice of the Order by personal service or otherwise, be temporarily and permanently enjoined and restrained:

    a. from using the term or marks Inner-Age (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, or

design, and whether used in caption, text, orally or otherwise); or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of Inner-Age as a trade name, trademark or service mark, or in any other manner which suggests or tends to suggest in any way that Defendant and/or its activities or services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiff RealAge, or that Plaintiff RealAge or its activities and services are affiliated in any way with Defendants;

b. from infringing REALAGE® and REAL AGE® Registrations;

c. from using in connection with Defendants' activities or services any false or deceptive designation, representation or description of Defendants or of any of their activities or services, whether by symbols, words or statements, which would damage or injure RealAge or give Defendants an unfair competitive advantage in the marketplace;

d. from engaging in acts of state or common law trademark, trade name or trade dress infringement, service mark infringement, unfair competition or misappropriation which would damage or injure RealAge;

e. from diluting the REALAGE® and REAL AGE® registered marks;

f. from infringing the '387 Patent;

16

    g. from inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts.

4. That in accordance with 15 U.S.C. §1116, Defendant be directed to file with the Court and serve on RealAge, no later than thirty (30) days after service on Defendants of such Order, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Order;

5. That in accordance with 15 U.S.C. §1118, Defendant be ordered to deliver up for destruction as the Court shall direct, its brochures, stationery, merchandise, labels, signs, prints, packages, package wrappers, photographs and negatives, cards, publications, books, advertisements, and the like, and means for reproducing the same, including any software for Defendant's website or otherwise, which might, if used, violate the Order herein granted;

6. That RealAge recover from Defendants the amount of damages sustained by RealAge as found by the Court, in consequence of Defendant's unlawful acts, together with appropriate interest on such damages;

7. That Defendants be ordered to account for and pay over to RealAge all the gains, profits, savings and advantages realized by Defendants based upon Defendant's unlawful acts;

8. That the damages recovered by RealAge, and the Defendants' gains, profits, savings and advantages awarded to RealAge, be trebled in accordance with 15 U.S.C. §1117;

9. That the Court grant an accounting of Defendants' financial records in accordance with 15 U.S.C. §1117;

10. That RealAge recover from Defendants exemplary damages by reason of

their wanton and willful acts of common law unfair competition and trade name infringement;

11.  That RealAge be awarded punitive damages as allowed under the common law;

12.  That this Court enter an Order, pursuant to 35 U.S.C. §271, declaring and adjudging that Defendant has infringed the '387 Patent;

13.  That this Court award damages pursuant to 35 U.S.C. §284 adequate to compensate Plaintiff for Defendants' infringement, but in no event less than a reasonable royalty, together with interest and costs;

14.  That this Court award Plaintiff its costs, expenses and disbursements in this action, including reasonable attorney's fees pursuant to 35 U.S.C. §285;

15.  That this Court order the destruction of all existing products of Defendant that infringe the '387 Patent;

16.  That RealAge be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff RealAge demands a trial by jury of any issue triable of right by jury.

                                              Respectfully submitted,

                                              **REALAGE, INC.**
                                              By Counsel

Dated: January 31, 2006

Respectfully submitted,

By: _____
W. David Jester
Fla. Bar No. 894354
GALLOWAY JOHNSON TOMPKINS
BURR & SMITH
1101 Gulfbreeze Parkway, Suite 2
Gulf Breeze, FL 32561
Telephone: (850)934-3800
Facsimile: (850)934-3848

John F. Mardula
Shauna M. Wertheim
ROBERTS ABOKHAIR & MARDULA, LLC
11800 Sunrise Valley Drive, Suite 1000
Reston, Virginia 20191
Telephone: (703) 391-2900
Facsimile: (703) 391-2901
*Counsel for Plaintiff RealAge, Inc.*